

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DORIS B. COMER, | § | |
| | § | Civil Action No. |
| Plaintiff, | § | |
| | § | **3-05CV 2018-L** |
| vs. | § | COMPLAINT |
| | § | and |
| COMMERCIAL RECOVERY SYSTEMS, INC | § | DEMAND FOR JURY TRIAL |
| and JANET COLE | § | |
| Defendant. | § | |

(Unlawful Debt Collection Practices)

**Preliminary Statement**

1. Plaintiff, DORIS B. COMER, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, et seq. ('TDCA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants violations of the FDCPA.

2. Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. [CRS] and Defendant JANET COLE attempted to collect a consumer debt ('Debt") allegedly owed by Plaintiff arising from a purported obligation to HOUSEHOLD FINANCE ('Debt) required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

1   Original Complaint and Demand for a Jury by DORIS B. COMER

## Jurisdiction and Venue

3.   Jurisdiction of this Court attains pursuant to 15 U.S.C. §1692k (d), 28 U.S.C. §§1331 and 1337(a),

4.   Venue in the NORTHERN District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

## Parties

5.   Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3). The Plaintiff resides at 2100 Creek Royal Dr., Mesquite, TX 75150.

6.   COMMERCIAL RECOVERY SYSTEMS, INC. [CRS] is a corporation engaged in the business of collecting consumer debts in the NORTHERN District of Texas. The principal purpose of business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. COMMERCIAL RECOVERY SYSTEMS, INC. [CRS] is a "debt collector" as defined by 15 U.S.C. § 1692a(6). The principal place of business of the COMMERCIAL RECOVERY SYSTEMS, INC. [CRS] is at 8035 East R. L. Thornton Freeway, Suite 320, Dallas, TX 75228-7018.

7.   Defendant JANET COLE is an employee of the Defendant COMMERCIAL RECOVERY SYSTEMS, INC. [CRS] and is a "debt collector" as defined by 15 U.S.C. §1692a(6).

**Factual Allegations**

8. In June 2005 the Defendant started contacting the Plaintiff at work in an attempt to collect an account from Household Finance in the amount of $11,500.00 and was told that the Plaintiff could not accept any private calls during working hours as she works in the lobby of a private bank and there is no privacy.

9. The Defendant Janet Cole, or a person claiming to be Janet Cole, persistently called the Plaintiff as a representative of CRS, again at work and was told by the Plaintiff not to call her at work.

10. After several calls, which were forcibly terminated by the Plaintiff, the Defendants called the Plaintiff's supervisor who was told that the Defendants needed to speak with the Plaintiff as the Defendants wanted to help the Plaintiff who refused to speak with them and as the Defendants wanted to advise the Plaintiff that she allegedly was about to be served with legal papers.

11. The Defendants were in effect threatening that if this amount was not paid that litigation would commence and that she would be served at work, despite her requests not to be called or contacted at work.

12. On September 2, 2005 the Plaintiff, terrified of losing her employment if the Defendant fulfilled their threats of legal service at work wrote a certified letter, return receipt requested to the Defendants, who accepted the letters on September 6, 2005, requesting pursuant to Public Law 95-109, Section 805c, that the Defendants cease and desist from all collection activity, especially calls to her at work.

13. On September 14th, 2005, and again September 20th, 2005, the Defendants called

3   Original Complaint and Demand for a Jury by DORIS B. COMER

the Plaintiff at her place of employment.

14    No litigation has been instituted as threatened.

15.    Plaintiff received no further communication from the Defendant that included any written debt validation notice as required by 15 U.S.C. §1692g(a).

16.    The foregoing act and omission was undertaken on behalf of the Defendants by their agent, or employee, acting at all times relevant hereto within the scope of that relationship.

17.    The foregoing act and omission of the Defendants was undertaken willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

18.    The foregoing act and omission of the Defendant was undertaken indiscriminately, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

### First Claim for Relief

19.    The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. In violation of 15 U.S.C. § 1692d, and the "least sophisticated consumer standard," the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt.

    b. In violation of 15 U.S.C. § 1692f, and the "least sophisticated consumer standard," the Defendant used unfair and unconscionable means to collect a debt.

    c. In violation of 15 U.S.C. § 1692g(a), the Defendant failed to provide the Plaintiff with a written validation notice.

## Second Claim for Relief

20. The Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

   a. In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant threatened to take (and/or did take) an action prohibited by law.

   b. In violation of Tex. Fin. Code § 392.304 (a)(19), the Defendant used false representations or deceptive means to collect a debt.

   c. In violation of Tex.. Fin. Code § 392.302, the Defendant, by calling incessantly, employed practices that were intended to oppress, harass and abuse the plaintiff

21. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render him liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney fees.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.. Declare that Defendant's actions violate the FDCPA and the TDCA.

2. Enjoin the Defendant's actions that violate the TDCA.

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorneys fees as provided by 15 U.S.C. §1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4. Grant such further relief as deemed just.

Dated: October 9, 2005

Respectfully submitted

Mark V. Oppenheimer #44622CT
ATTORNEY FOR PLAINTIFF
3007 St. Frances Drive
Mansfield, Texas 76063
Email: russius@gmail.com
Voice: 817-808-6698

5   Original Complaint and Demand for a Jury by DORIS B. COMER

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: October 9, 2005

Respectfully submitted,

_____
Mark V. Oppenheimer #44622CT
3007 St. Frances Drive
Mansfield, Texas 76063
Voice: 817-808-6698
ATTORNEY FOR PLAINTIFF

%JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**RECEIVED OCT 12 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS**

2239 15

## I. (a) PLAINTIFFS
DORIS B. COMER

**DEFENDANTS**
COMMERCIAL RECOVERY SYSTEMS, INC. and JANET COLE

(b) County of Residence of First Listed Plaintiff ___DALLAS___
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant ___DALLAS___
(IN U S PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark Oppenheimer, 3007 St. Frances Drive, Mansfield, TX 76063
817-808-6698

Attorneys (If Known)

**3-05CV2018-L**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question (U S Government Not a Party)
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
Brief description of cause  15 U.S.C. 1692et seq and pendant claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23
**DEMAND $** Statutory
**CHECK YES only if demanded in complaint**
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE  10/10/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

JS 44 Reverse (Rev 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed The attorney filing a case should complete the form as follows

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title

(b) County of Residence For each civil case filed, except U S plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing In U S plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing (NOTE In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved )

(c) Attorneys Enter the firm name, address, telephone number, and attorney of record If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II.**  **Jurisdiction** The basis of jurisdiction is set forth under Rule 8(a), F R C P , which requires that jurisdictions be shown in pleadings Place an "X" in one of the boxes If there is more than one basis of jurisdiction, precedence is given in the order shown below

United States plaintiff  (1) Jurisdiction based on 28 U S C 1345 and 1348 Suits by agencies and officers of the United States are included here

United States defendant  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box

Federal question  (3) This refers to suits under 28 U S C 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States In cases where the U S is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked

Diversity of citizenship  (4) This refers to suits under 28 U S C 1332, where parties are citizens of different states When Box 4 is checked, the citizenship of the different parties must be checked  (See Section III below, federal question actions take precedence over diversity cases )

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above Mark this section for each principal party

**IV.**  **Nature of Suit** Place an "X" in the appropriate box If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit If the cause fits more than one nature of suit, select the most definitive

**V.**  **Origin** Place an "X" in one of the seven boxes

Original Proceedings  (1) Cases which originate in the United States district courts

Removed from State Court  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C , Section 1441 When the petition for removal is granted, check this box

Remanded from Appellate Court  (3) Check this box for cases remanded to the district court for further action Use the date of remand as the filing date

Reinstated or Reopened  (4) Check this box for cases reinstated or reopened in the district court Use the reopening date as the filing date

Transferred from Another District  (5) For cases transferred under Title 28 U S C Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers

Multidistrict Litigation  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C Section 1407 When this box is checked, do not check (5) above

Appeal to District Judge from Magistrate Judgment  (7) Check this box for an appeal from a magistrate judge's decision

**VI.**  **Cause of Action** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity**  Example  U S Civil Statute 47 USC 553
Brief Description Unauthorized reception of cable service

**VII.**  **Requested in Complaint** Class Action Place an "X" in this box if you are filing a class action under Rule 23, F R Cv P

Demand In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction

Jury Demand Check the appropriate box to indicate whether or not a jury is being demanded

**VIII.**  **Related Cases** This section of the JS 44 is used to reference related pending cases if any If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature.** Date and sign the civil cover sheet.